UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

QUINCY D. SCOTT )
)
v. ) Case No. 1:16-cv-392-HSM-CHS
)
JOSH RHODES, JIM SHAW, )
FREDDIE SCHULTZ, )
DOROTHY CHERRY, EMPLY PETRO, )
*and* SANDRA DONAGHY )

REPORT AND RECOMMENDATION

*Pro se* prisoner Quincy D. Scott has filed an action seeking damages pursuant to 42 U.S.C. § 1983 [Doc. 1], an application to proceed *in forma pauperis* [Doc. 2], and two motions to amend his complaint [Docs. 5 and 7]. It appears Mr. Scott's action arises from his arrest and subsequent prosecution and conviction for bank robbery in state court in 2014. Plaintiff alleges Defendants wrongfully arrested, prosecuted and convicted him of this crime, and he seeks monetary damages against them for various violations of his constitutional rights under 42 U.S.C. § 1983.

It appears from the motion for leave to proceed *in forma pauperis* that Plaintiff lacks sufficient financial resources to pay the $350.00 filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, it is RECOMMENDED that Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 2] be **GRANTED**. For the reasons set forth below, it is further RECOMMENDED that no process issue, this action be **DISMISSED** for failure to state a claim upon which relief may be granted under § 1983, and Plaintiff's motions to amend his complaint be DENIED.

Discussion

Pursuant to 28 U.S.C. §1915(e)(2), in a case where the plaintiff has filed an *in forma pauperis* application, "the court shall dismiss that case at any time if the court determines that –

1

(A) the allegation of poverty is untrue; or (B) the action …(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." The standard required by §1915(e)(2) to properly state a claim for which relief can be granted is the same standard required by Fed. R. Civ. P. 12(b)(6). *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008); *accord Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). In determining whether a party has set forth a claim in his complaint for which relief can be granted, all well-pleaded factual allegations contained in the complaint must be accepted as true. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (per curiam); *Bell Atlantic Corp. v. Twombly,* 550 U.S 544, 555-56 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (quoting *Twombly*, 550 U.S. at 555.) Further, the complaint must also state "a plausible claim." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Well-pleaded facts that permit the court to infer no more than a mere possibility of misconduct will not permit a complaint to survive a motion to dismiss. *Id.* Finally, a *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

In essence, Plaintiff is attempting to have his underlying conviction for bank robbery vacated by filing an action under 42 U.S.C. § 1983. "[C]ivil torts actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments," and a plaintiff cannot use a civil rights action to collaterally attack a criminal conviction unless his criminal judgment "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). *Heck* addressed the

2

viability of a claim for damages brought under 42 U.S.C. § 1983 challenging the constitutionality of a conviction and subsequent imprisonment. *Id.* "*Heck* precludes a prisoner from maintaining a civil rights action for damages based on the legality of a prior criminal proceeding unless a state court or federal habeas court has determined that the terms of the confinement are in fact invalid. The critical inquiry is whether a judgment in favor of the plaintiff in the civil rights case would necessarily imply the invalidity of his conviction or sentence." *Lueck v. Wathen*, 262 F. Supp. 2d 690, 696 (N.D. Tex. 2003) (citing *Heck*, 512 U.S. at 485-87); *see also, Parvin v. Campbell,* 641 F. App'x. 446, 449 (6th Cir. 2016). In the instant case, were Plaintiff to prevail on his claims, it would necessarily imply the invalidity of his criminal conviction. Accordingly, I conclude this action is barred by *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994). In addition, this claim is not cognizable under 42 U.S.C. § 1983 because it seeks relief from the fact or duration of Defendant's confinement and such claims must be raised in an action brought under 28 U.S.C. § 2254. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

Plaintiff has also filed two motions to amend his complaint [Docs. 5 and 7]. First, he moves to amend his complaint to allege that he was wrongfully sentenced for aggravated robbery when he was actually convicted of aggravated burglary [Doc. 5, First Motion to Amend]. Second, he moves to amend his complaint to assert, in effect, that he was denied his Sixth Amendment right of effective assistance of counsel which resulted in his conviction and subsequent imprisonment [Doc. 7, Second Motion to Amend]. Neither claim is cognizable under 42 U.S.C. § 1983 because it seeks relief from the fact or duration of Defendant's confinement, and such claims must be raised in an action brought under 28 U.S.C. § 2254. *Preiser,* 411 U.S. at 500. Accordingly, I conclude both proposed amendments are futile.

Accordingly, for the reasons stated herein, it is RECOMMENDED that Defendant's motions to amend his complaint be DENIED and this action be DISMISSED.

Because Plaintiff is an inmate at the Bledsoe Correctional Complex, the undersigned makes the following RECOMMENDATIONS:

(1) Plaintiff be **ASSESSED** the civil filing fee of $350.00;

(2) Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of Plaintiff's inmate trust account at the institution where he now resides be directed to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee, 37902, as an initial partial payment, whichever is greater of:

   (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or

   (b) twenty percent (20%) of the average monthly balance in Plaintiff's inmate trust account for the six-month period preceding the filing of the complaint;

(3) Thereafter, the custodian should submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2);

(4) The Clerk be **DIRECTED** to send a copy of the District Court's Memorandum and Order to the Warden of the Bledsoe Correctional Complex, the Commissioner of the Tennessee Department of Correction, and the Attorney General for the State of Tennessee to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to payment of the filing fee; and

(5) that the Clerk is be **DIRECTED** to forward a copy of the District Court's Memorandum and Order to the Court's financial deputy. [1]

          s\ *Christopher H. Steger*
          CHRISTOPHER H. STEGER
          UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified constitutes a waiver of the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).