UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| QUINCY D. SCOTT., SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 1:16-CV-392-HSM-CHS |
| | ) |
| JOSH RHODES, McMinn County Sheriff's | ) |
| Office Detective, *et al.*, | ) |
| | ) |
| Defendants. | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Magistrate Judge Christopher B. Steger's December 13, 2016 Report & Recommendation, issued pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b). [Doc. 8]. For the reasons set forth herein, the Court will: (1) **ACCEPT and ADOPT** Magistrate Judge Steger's findings of fact, conclusions of law, and recommendations; (2) **GRANT** Plaintiff's Motion for leave to proceed *in forma pauperis* [Doc. 3]; (3) **DENY** Plaintiff's Motions to Amend [Docs. 5, 7, 9]; and (4) **DISMISS** this action for failure to state a claim, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A).

### I.     Background

On September 12, 2016, Plaintiff Quincy D. Scott, Sr., a pro se prisoner, filed a complaint under 42 U.S.C. § 1983 [Doc. 1] and, shortly thereafter, he filed a motion for leave to proceed *in forma pauperis* [Doc. 3].

In his Complaint, Plaintiff names as defendants McMinn County Sheriff's detectives Josh Rhodes and Jim Shaw, Athens Police Department detective Freddie Shultz, Assistant District Attorneys Dorothy Cherry and Emily Petro, and two employees of a Check Into Cash store in Etowah Tennessee, Felicia Branam and Lisa Raby. [Doc. 1 at 7]. Plaintiff alleges that, on July 10,

2014, Rhodes unlawfully stopped him and his friend, Larry Moore, while the two were riding in Moore's truck; Rhodes searched the truck, allegedly for evidence related to a robbery, but ultimately let the men go. [*Id*. at 4]. The next day, however, Rhodes again stopped Moore and again searched his truck. [*Id*.]. Plaintiff contends that Rhodes fabricated evidence related to the robbery and said that the evidence was found in the truck. [*Id*. at 4-5]. Rhodes and a federal agent came to arrest Plaintiff, and later told him in custody that if he "did not tell them that [Moore] robbed a bank, they would give [him] 1,001 months in federal prison"; Plaintiff, however, maintained that he did not know about a robbery. [*Id*. at 5].

It appears that Plaintiff went to trial on charges related to these events. [*See id.* at 5-6]. Although the physical evidence allegedly collected from the truck did not test positive for Plaintiff's DNA or fingerprints, it was nonetheless admitted into evidence at trial. Additionally, the trial court judge permitted pictures of evidence that had gone missing prior to trial to be admitted into evidence. None of the witnesses identified Plaintiff or testified that he matched the description of the robber. According to Plaintiff, the prosecutor stated to the jury that the evidence presented did not establish proof of Plaintiff's guilt but that he should be convicted regardless, and that the judge instructed the jury that they could convict if they were convinced of his guilt by a "moral certainty." [*Id*.].

Plaintiff's Complaint asserts causes of action for "false imprisonment, obtaining grand jury indictment under false pretenses, unlawful stop and search and seizure, malicious prosecution, fabricating evidence, due process violation, judicial misconduct, prosecutorial manipulation, bad faith of the court, and chain of custody violation," related to the numerous violations of his civil rights that allegedly occurred with respect to his arrest, prosecution, and conviction. [*Id*. at 6-7]. He requests the reversal of his conviction and one million dollars in punitive damages. [*Id*. at 8].

In November 2016, Plaintiff filed two motions to amend his complaint. [Docs. 5, 7]. In his first motion to amend, Plaintiff argues that the prosecutors and judge continued to violate his constitutional rights as recently as November 2, 2016, when he was sentenced – despite his protests – for the offense of aggravated robbery despite the fact that the jury convicted him of aggravated burglary. [Doc. 5]. In his second motion to amend, he seeks to name his attorney, assistant public defender Donald Leon Shahan, Jr., as a defendant to this action, arguing that his attorney failed to file a motion to suppress evidence and generally failed to represent Plaintiff "in the manner requested by Plaintiff." [Doc. 7].

On December 13, 2016, United States Magistrate Judge Christopher B. Steger entered a Report and Recommendation ("R&R") in this action. [Doc. 8]. In it, Judge Steger recommended that Plaintiff's motion for leave to proceed *in forma pauperis* be granted, as he lacked sufficient resources to pay the $350.00 filing fee for his action. [*Id*. at 1]. However, Judge Steger recommended that Plaintiff's Complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2). [*Id*]. Specifically, Judge Steger concluded that Plaintiff's claims were barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), as his success on those claims would necessarily imply the invalidity of his underlying conviction. [*Id*. at 2-3]. Judge Steger finally recommended that Plaintiff's Motions to Amend be denied as futile, as those amendments sought to raise claims challenging "the fact or duration of [his] confinement," and as such, are not cognizable under § 1983. [*Id*. at 3]. Plaintiff was advised that he had fourteen days in which to file any objections to the R&R, and that "failure to file objections within the time specified constitutes a waiver of his right to appeal…." [*Id*. at 5 n.1].

The next day, the Court received a third Motion to Amend from Plaintiff, which had been signed and dated on December 12, 2016, prior to the entry of the R&R. [Doc. 9]. In this Motion,

3

Plaintiff seeks to add McMinn County, Tennessee as a Defendant to this action and to increase the total amount of damages sought. [*Id.*].

Although more than 40 days have now passed since the entry of the magistrate judge's R&R, Plaintiff has not filed any written objections thereto, nor has he made any additional filings or communications with the Court.[1]

**II.     Analysis**

The Court agrees with Magistrate Judge Steger's conclusion that Plaintiff's *in forma pauperis* application and accompanying documents demonstrate that he lacks sufficient financial resources to pay the $350.00 filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 3] will be **GRANTED**. However, for the reasons set forth below, Plaintiff's Motions to Amend his Complaint [Docs. 5, 7, 9] will be **DENIED AS FUTILE**, no process shall issue, and this action will be **DISMISSED** for failure to state a claim upon which relief may be granted under § 1983.

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.*, 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). Courts must liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *See, e.g.*, *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*,

---

[1] The first copy of the R&R that was sent to Plaintiff was returned to the Clerk of Court because it did not include Plaintiff's Tennessee Department of Corrections' inmate number. [Doc. 10]. However, after receiving the returned order, the Clerk obtained Plaintiff's inmate number and sent the Order to him again on December 28, 2016. [*See* docket entry for Doc. 10, dated December 28, 2016]. The second copy of the R&R was not returned to the Court. Thus, even giving Plaintiff the benefit of calculating his time for objections from December 28, rather than December 13, the time in which he could timely file objections has long since passed.

4

556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007), "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in [Federal Rule of Civil Procedure] 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

In order to succeed on a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Dominguez v. Corr. Med. Svcs.*, 555 F.3d 543, 549 (6th Cir. 2009); *Haywood v. Drown*, 556 U.S. 729, 731 (2009); *see also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere"). However, the Supreme Court has held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnotes omitted); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (holding that *Heck* bars § 1983 claims that could invalidate a prisoner's conviction and/or sentence regardless of whether damages or equitable relief are sought). Stated another way, "*Heck* makes clear that no cause of action exists [under § 1983] until a conviction is legally eliminated." *Schilling v. White*, 58 F.3d 1081, 1087 (6th Cir. 1995). Because ineffective assistance of counsel claims "indirectly challenge[s] the validity of [a prisoner's] confinement and

5

sentence," the *Heck* bar prevents a prisoner from pursuing such claims pursuant to 42 U.S.C. § 1983. *Hudson v. Smith*, 2011 WL 161769, at 2 (M.D. Tenn. Jan. 19, 2011) (citing *Taylor v. Oakland Cty. Circuit Court*, 831 F.2d 297 (6th Cir. 1987) (table); *Rushing v. Pennsylvania*, 637 F. App'x 55, 58 (3d Cir. 2016).

In this case, all of the claims in Plaintiff's Complaint and proposed amendments appear to be related to his arrest, prosecution, criminal trial, and sentencing for a state conviction for robbery and/or related offenses. If Plaintiff prevailed on the merits of any of these claims, his success would necessarily implicate the invalidity of his conviction(s). Plaintiff has not set forth any allegations or evidence that would show that any of his convictions have been vacated or otherwise set aside. Thus, Magistrate Judge Steger correctly concluded that, under the *Heck* doctrine, Plaintiff has no viable causes of action pursuant to 42 U.S.C. § 1983 at this time.[2] Accordingly, even accepting the allegations of the complaint and the proposed amendments as true and liberally construing them in favor of Plaintiff, Plaintiff fails to state a claim upon which relief may be granted under § 1983.

### III. Conclusion

Accordingly, the Court hereby (1) **ACCEPTS and ADOPTS** Magistrate Judge Steger's findings of fact, conclusions of law, and recommendations; (2) **GRANTS** Plaintiff's Motion for leave to proceed *in forma pauperis* [Doc. 3]; (3) **DENIES AS FUTILE** Plaintiff's Motions to

---

[2] The Court additionally notes that any of Plaintiff's claims against the judge, prosecutors, and witnesses that participated in his trial would be barred by the doctrine of absolute immunity. *See, e.g.*, *Rehberg v. Paulk*, 132 S.Ct. 1497, 1503 (2012) ("[W]e have identified the following functions that are absolutely immune from liability for damages under § 1983: actions taken by legislators within the legitimate scope of legislative authority; actions taken by judges within the legitimate scope of judicial authority; actions taken by prosecutors in their role as advocates; and the giving of testimony by witnesses at trial[.]") (internal citations omitted).

6

Case 1:16-cv-00392-HSM-CHS Document 11 Filed 01/25/17 Page 6 of 8 PageID #: 46

Amend [Docs. 5, 7, 9]; [3] and (4) orders that no process shall issue and that this action be, and hereby is, **DISMISSED** for failure to state a claim, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A).

Because Plaintiff is an inmate at the Bledsoe County Correctional Complex, he is herewith **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of Plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk, U.S. District Court, 900 Georgia Avenue, Chattanooga, Tennessee, 37402, as an initial partial payment, whichever is greater of:

(a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or

(b) twenty percent (20%) of the average monthly balance in Plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Memorandum and Order to the Warden of the Bledsoe County Correctional Complex, the Commissioner of the Tennessee Department of Correction, and the Attorney General for the State of Tennessee to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act

---

[3] Although leave to amend shall be "freely given" pursuant to Federal Rule of Civil Procedure 15(a), leave to amend may nonetheless be denied when such amendment would be futile. *See, e.g.*, *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Leary v. Daeschner*, 349 F.3d 888, 905 (6th Cir. 2003)

relating to payment of the filing fee. The Clerk is further **DIRECTED** to forward a copy of this Memorandum and Order to the Court's financial deputy.

The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED.**

**E N T E R :**

                                                */s/ Harry S. Mattice, Jr.*
                                                HARRY S. MATTICE, JR.
                                                UNITED STATES DISTRICT JUDGE